**Ex parte Ivan Ray MURPHY, Jr.**

**No. 30,035–01.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 28, 1996.

---

T. Scott Smith, Sherman, for appellant.

Robert T. Jarvis, District Attorney, Sherman, Robert A. Huttash, State's Atty., Austin, for the State.

---

BAIRD, Judge, dissenting.

The instant application seeking habeas corpus relief raises nine contentions, including claims of ineffective assistance of counsel at trial and on appeal, challenges to the constitutionality of our capital sentencing scheme, alleged violations of the Sixth and Fourteenth Amendments to the United States Constitution, and challenges to the composition of the grand jury. Applicant further contends there are controverted, previously unresolved factual issues material to the legality of his confinement. Accordingly, he requests: 1) an evidentiary hearing to offer additional testimony in support of his allegations; and, 2) the habeas judge make findings of facts and conclusions of law. The State filed a response which controverted each contention. Approximately two weeks after the application was filed, the habeas judge entered a one page order finding "there are no controverted previously unresolved facts material to a decision in this case, and further finds that an evidentiary hearing is unnecessary." The habeas judge did not make findings of facts or conclusions of law. The application and State's response have been transmitted to this Court.

This application was filed under Tex.Code Crim.Proc.Ann. art. 11.071, which became effective September 1, 1995. Art. 11.071 is a newly enacted statute which provides the procedure for an application for a writ of habeas corpus in which the applicant seeks relief from a judgment imposing a penalty of death. The statute is comprehensive, exhaustive and complete and, as a general rule, allows the condemned inmate only one application. *But see,* 11.071 § 5. Because the first application is essentially the only opportunity a condemned inmate has for habeas review of his confinement and death sentence, the habeas judge should be especially conscientious when considering the issues raised. Indeed, 11.071 §§ 7 & 8 allow the habeas judge to conduct a hearing on the issues raised in an applications, and require the judge to make findings of facts and conclusions of law, resolving those issues. Art. 11.071 § 8(c). Because the ultimate determination of the legality of applicant's confine-

ment and sentence rests with this Court, it is imperative we have all of the information necessary to make an intelligent and informed decision.

In the instant case, the habeas judge found no controverted, previously unresolved factual issues material to the legality of applicant's confinement, and did not hold a hearing. Yet the record before us contradicts this finding. Indeed, the State's response controverts every factual issue raised in the application. Moreover, a majority of the contentions were not raised at trial or on direct appeal. Therefore, those factual issues have not previously been resolved. Nevertheless, the habeas judge failed to hold an evidentiary hearing on these issues. Further, the habeas judge did not enter findings of fact and conclusions of law. Consequently, the habeas judge has provided nothing to assist our review of this application.

Art. 11.071 was enacted to streamline habeas review by providing a full, complete and meaningful review of applications filed by inmates sentenced to death. Such a review cannot occur when the habeas judge provides no record, findings or conclusions relating to the issues raised in the writ application. In other words, we are unable to discharge our duties under art. 11.071 when the habeas judge fails to discharge those required of him. Consequently, I would not reach the merits of the instant application. Instead, I would remand this case to the habeas court with orders to conduct an evidentiary hearing and enter findings of facts and conclusions of law as contemplated by art. 11.071. Because the majority does not, I respectfully dissent.

OVERSTREET, MALONEY and MANSFIELD, JJ., join this opinion.